**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 98-31232**
**Summary Calendar**

**JOSEPH DENNIS SINGLETON,**

**Plaintiff-Appellant,**

**v.**

**FRANK'S CASING CREW & RENTAL TOOLS, INC.,**

**Defendant-Appellee,**

**Appeal from the United States District Court**
**for the  Western District of Louisiana**
**(97-CV-1455)**

May 14, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Joseph Dennis Singleton's Title VII claim against Frank's Casing Crew & Rental Tools, Inc. ("Frank's"), on motion for summary judgment.  Finding no reversible error, we affirm.

The facts underlying this dispute are relatively settled. Singleton was formerly employed by Frank's as an Offshore Welder. He resigned in late 1990 while Frank's was experiencing a slow down in work.  For six years, Singleton periodically served as an offshore contract hand for Frank's.  Then, in 1996, Singleton

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applied for a Shop Welder position with Frank's. Frank's rejected his application for employment based on a company policy regarding the rehiring of past employees. During the same period that Singleton, a black male, had applied for the Shop Welder's position, two white male applicants, also former Frank's employees, were rehired as Offshore Welders. Based on this proof, Singleton filed his claim for discriminatory failure to hire.

The district court granted summary judgment on Singleton's claim. The district court noted that Singleton had failed to present evidence that Frank's had filled the Shop Welder position with a white employee. Citing a plaintiff's minimal prima facie burden, the district court assumed arguendo, however, that Singleton could support his prima facie claim. The district court then found that Frank's had presented a legitimate, non-discriminatory basis for not rehiring Singleton. This court reviews the determination de novo.

First, the record is devoid of facts tending to support Singleton's prima facie claim. To support a Title VII claim, a plaintiff must present proof that the position he sought was offered to or filled by another applicant. See Grimes v. Texas Dep't of Mental Health and Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996). Although the district court purported to shift the burden to Frank's, the court correctly noted that Singleton had failed to present sufficient evidence to establish this fact. Singleton did not show that anyone was rehired for the shop welder position, a different job than that of offshore welder. Summary

**2**

judgment was proper for this reason alone.

Second, the district court properly held that Singleton could not meet his ultimate Title VII burden. When an employer presents a legitimate, non-discriminatory basis for its challenged decision, an employee must prove both that the reason for the decision was pretextual and that the real reason was intentional discrimination. See Walton v. Bisco Indus., Inc., 119 F.3d 368, 370 (5th Cir. 1997) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S. Ct. 2742, 2751 (1993)). Singleton can prove neither. Frank's offered an affidavit from its personnel manager that former employees were not rehired for Shop Welder positions due to the high costs of training. Aside from his ambiguous allegations regarding the actual terms of Frank's policy,[1] Singleton produced no evidence tending to establish that the policy was anything other than that expounded in Frank's supporting affidavits. Far from bolstering his pretext argument, the fact that two former employees were rehired as Offshore Welders while Frank's rejected Singleton's application for a Shop Welder position lends credence to the submitted justification. Regardless, even if Singleton had proven that the asserted basis was pretextual, he still failed to present any evidence to support a finding that the decision was based on a discriminatory motive. Absent such

---

[1] See Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983) (citing Houser v. Sears, Roebuck & Co., 627 F.2d 756, 759 (5th Cir. Unit A 1980)). Singleton asserts that the shop foreman told him Frank's does not rehire welders, but in context, this statement could have applied to the shop of which he was foreman, rather than to the whole company.

3

evidence, the district court properly dismissed the case.

**AFFIRMED.**